## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

SHERWOOD CONSTRUCTION          )
COMPANY, INC.                  )
                               )
                    Plaintiff, )
vs.                            )          NO. CIV-09-1395-HE
                               )
AMERICAN HOME ASSURANCE        )
COMPANY, ET AL.,               )
                               )
                   Defendants. )

## ORDER

Plaintiff Sherwood Construction Company, Inc. claims defendants American Home Assurance Company and American International Speciality Lines Insurance Company breached certain insurance policies and acted in bad faith when defendants refused to defend and indemnify plaintiff for a settlement arising out of a collision on Interstate 40 in June of 2004.  At issue are defendants' motion for partial summary judgment that it did not have a duty to defend plaintiff [Doc. #43] and plaintiff's motion for partial summary judgment that it is entitled to indemnity from defendants [Doc. #87].  For the reasons discussed below, the court concludes that both motions should be granted.

### I. Background

The material facts are undisputed. Plaintiff Sherwood Construction Company ("Sherwood") was awarded a contract with the Oklahoma Department of Transportation ("ODOT") to repave a three-mile stretch of I-40 in Canadian County, near Banner Road.  It subcontracted with Advanced Warning Systems Inc. d/b/a National Equipment Services, Inc.

a/k/a NES Traffic Safety ("NES") to "provide warning signage operations" for the construction project. *See* Doc. #87-4.  On June 11, 2004, an eighteen-wheeler rear-ended several vehicles in the construction zone.  The collision resulted in four fatalities and a fifth person being injured.  Five lawsuits followed naming several defendants, including Sherwood and NES.  *See* Doc. Nos. 87-7 – 87-11.

The five lawsuits were consolidated for discovery purposes.  Prior to trial, all defendants except NES settled with the plaintiffs for $4.5 million at a mediation conference. [Doc. #87-14, Post Mediation Memo].  Sherwood's portion of the settlement was $3 million. Two cases proceeded to trial against NES.  After the close of the evidence but before the jury returned a verdict, NES settled for an additional $2 million.  [Doc. #87-3, Deposition of Mort Welch, p.114].

The subcontract between NES and Sherwood required NES to purchase $500,000 in general liability insurance, and to make Sherwood an "additional insured" under that policy. [Doc. #96-4, p.31].  NES obtained a commercial general liability insurance policy from defendant American Home Assurance Company ("AHAC") with a single-occurrence limit of $500,000. [Doc. #87-2, p.2].  Additionally, NES purchased an umbrella policy from defendant American International Specialty Lines Insurance Company ("AISLIC") with a $25,000,000 limit, which would only be payable in the event the AHAC policy was exhausted. [Doc. #43-2, AISLIC 1].  These policies form the core of the present dispute.

The AHAC policy contained a Self Insured Retention ("SIR") endorsement which, among other things, provided that NES would self insure for the first $500,000 and AHAC's

2

coverage would only be implicated for sums exceeding the "retained limit."  [Doc. #87-2, pp.56-60].  Additionally, the SIR endorsement contained the following relevant provision:

> Section 1 - Coverages, Coverage A - Bodily Injury and Property Damage Liability, 1. - Insuring Agreement, paragraph a. is ***deleted in its entirety and replaced with the following***:[1]

> > a.      We will pay on behalf of the Insured those sums in excess of the Retained Limit that the Insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. ***We will have the right but not the duty to defend any "suit" seeking those damages.*** We may at our discretion and expense, participate with you in the investigation of any "occurrence" and the defense or settlement of any claim or "suit" that may result.  But:

> > > (1)      The amount we will pay for damages is limited as described in Section III - Limits of Insurance; and

> > > (2)      Our right to defend, if we so exercise it, ends when we have exhausted the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

> > No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Allocated Loss Adjustment Expenses - Coverages A and B.

[Doc. #87-2, p.56] (emphasis added). This endorsement modified the following paragraph in the policy proper:

> a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to

---

[1]*There was an archive version of the SIR endorsement that contained substantially the same provisions.  The only salient distinction is the phrase "amended to read" was used instead of "deleted in its entirety and replaced as follows."*

which this insurance applies.  **We will have the right *and* duty to defend the insured against any "suit" seeking those damages.**  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:

(1)    The amount we will pay for damages is limited as described in Section III - Limits of Insurance; and

(2)    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

[Doc. #87-2, p.14] (emphasis added).

The AHAC policy also contained an endorsement entitled Additional Insured - Where Required Under Contract or Agreement.  That endorsement provided:

Section II -Who is an Insured. 1., is amended to add:

f)    Any person or organization to whom you become obligated to include as an additional insured under this policy, as a result of any contract or agreement you enter into which requires you to furnish insurance to that person or organization of the type provided by this policy, ***but only with respect to liability arising out of your operations*** or premises owned by or rented to you.  However, the insurance provided will not exceed the lesser of:

1 .    The coverage and/or limits of this policy, or

2.    The coverage and/or limits required by said contract or agreement.

[Doc. #87-2, p.42] (emphasis added).  Similarly, the AISLIC umbrella policy contained an

4

endorsement which added the following provision to the definition of an insured:

> 9.      Any person or organization to whom you become obligated to include as an additional insured under this policy, as a result of any contract or agreement you enter into which requires you to furnish insurance to that person or organization of the type provided by this policy, ***but only with respect to liability arising out of your operations*** or premises owned by you or rented to you.  However, the insurance provided will not exceed the lesser of:
>
> a.      The coverage and/or Limits of Insurance of this policy, or
>
> b.      The coverage and/or Limits of Insurance required by said contract or agreement.

[Doc. #83-2, AISLIC 57] (emphasis added).[2]

Additionally, the AHAC policy contained an "Additional Insured - Primary Insurance" endorsement which provided:

> Section IV, Commercial General Liability Conditions, paragraph 4., Other Insurance, subparagraph a. Primary Insurance, is amended by the addition of the following:
>
> However, coverage under this policy afforded to an additional insured will apply as primary insurance where required by contract, ***and any other insurance issued to such additional insured shall apply as excess and noncontributory insurance.***

[Doc. #87-2, p.55] (emphasis added).

Sherwood was covered by its own commercial general liability and umbrella insurance polices from Liberty Mutual Fire Insurance Company ("Liberty Mutual") and Great American Insurance Group ("Great American"), respectively.  *See generally* Doc. #87-

---

[2]*The policies define "you" and "your" as referring to the named insured—NES. [Doc. #87-2, p.14].*

22, Liberty Mutual Insurance Policy.  Liberty Mutual defended Sherwood in the underlying litigation.  At some point it tendered Sherwood's defense to AHAC and AISLIC, but defendants refused on the belief they did not have the duty to defend Sherwood.  [Doc. #87-13].  Liberty Mutual continued to defend Sherwood; it and Great American paid the $3 million settlement on Sherwood's behalf.  [Doc. #96-6, Deposition of John Sherwood, pp.41-43].  Sherwood paid only its $100,000 deductible to Liberty Mutual.

When Sherwood subsequently sought indemnity from defendants, they denied coverage on the basis that Sherwood was not an additional insured under the policies.  [Doc. #87-17].  After additional correspondence with defendants, Sherwood filed the present suit in state court alleging breach of contract and bad faith.  [Doc. #1-8].  Defendants timely removed the action to federal court. [Doc. #1].

Defendants have filed a motion for partial summary judgment seeking a determination that they did not owe plaintiff a duty to defend because of the language contained in the SIR endorsement, and because AISLIC's duty was never triggered.  [Doc. #43].  Plaintiff responded arguing the SIR endorsement only applied to the named insured—NES—and AHAC still had the duty to defend Sherwood.[3] [Doc. #59].  Additionally, Sherwood has filed its own motion for partial summary judgment seeking a determination that it was an additional insured under defendants' policies and therefore entitled to indemnity.  [Doc. #87]. Defendants have responded, contending there is a factual dispute as to whether the settled

---

[3] *Plaintiff concedes AISLIC's duty to defend was never triggered.*

claim arose out of NES's operations.  [Doc. #96].

## II. Discussion

Summary judgment is appropriate only when the moving party demonstrates that no genuine dispute of material fact exists and it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A party who bears the burden of proof at trial on a claim or defense must be able to point to sufficient evidence to support each essential element of the claim or defense in order to avoid summary judgment.  Bruner v. Baker, 506 F.3d 1021, 1025 (10th Cir. 2007); Fed. R. Civ. P. 56(c)(1)(B).  All inferences from the evidence are to be viewed in the light most favorable to the non-moving party.  Mountain Highlands, LLC v. Hendricks, 616 F.3d 1167, 1169-70 (10th Cir. 2010).

## A. Duty to Defend

A plain reading of the entire AHAC policy reveals that defendant AHAC had no duty to defend any insured.  The initial coverage form states in Section I, Coverage A, paragraph 1.a. that AHAC has the right and duty to defend an insured against any suit seeking damages for a covered claim.  However, the SIR endorsement, by its terms, completely replaces that subparagraph and provides that AHAC has the right ***but not the duty*** to defend any such suit against an insured.[4]

Sherwood argues the SIR endorsement applied only to the named insured, and not to

---

[4]*The result would be same under the archive version of the SIR endorsement.  An amendment which replaces an entire paragraph has the same effect as deleting the entire paragraph and replacing it with a new paragraph.  Under either version, the relevant provision in the SIR endorsement supplants the referenced paragraph in the policy proper.*

an additional insured. Plaintiff contends use of "you" and "your"—which refer to named insured—in other provisions of the SIR endorsement indicate an intent for the entire endorsement to only apply to the named insured.  Sherwood cites <u>American National Fire Insurance Co. v. National Union Fire Insurance Co. of Pittsburgh</u>, 796 N.E.2d 1133 (Ill. App. 2003) in support of its argument.[5]

In <u>American National</u>, the court determined that a SIR endorsement contained in a subcontractor's general liability policy did not apply to the general contractor because the endorsement only applied to the named insured.  *See id.* at 1143-44.  Consequently, the subcontractor's insurer had a duty to defend the general contractor.  *Id.*  In that case, the SIR endorsement stated:

> We shall have the right but not the duty to participate ***with you*** at our own expense in the defense or settlement of any claim or suit seeking damages covered under this policy . . . You will continue to be responsible for the payment of the Retention Amount.

*Id.* at 1143 (emphasis added).  Additionally, the insuring agreement in the policy proper provided:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend any "suit" seeking those damages.  We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result.

*Id.*  The court concluded that because the SIR endorsement imposed a duty on the named

---

[5]*Both parties relied upon Illinois law in their submissions. The court assumes without deciding that Illinois law governs the interpretation of the insurance policies.*

insured to pay the retention amount by use of the word "you," the SIR endorsement was meant to apply only to the named insured. *See id.*

The AHAC policy involves a different SIR endorsement.  Here, the sentence providing that AHAC has the right but not the duty to defend is not limited to NES.  Instead, it is applies to the "insured" generally; that is, everyone who qualifies as an insured under Section II of the policy.  Plaintiff argues the last sentence of the relevant paragraph requires the SIR endorsement apply only to NES because of the words "we" and "you"—referring to AHAC and NES, respectively.  But this argument ignores the fact that the operative sentence does not contain the word "you" and is not limited to the named insured.  This was not an accident. AHAC had the right to participate with NES in the investigation of any occurrence, and it had the right but not the duty to defend any insured.

Moreover, the AHAC policy completely replaces or supplants the referenced paragraph in the policy proper.  In <u>American National</u>, the SIR endorsement was merely an addition to the policy.  When the endorsement did not apply to the additional insured, the insuring agreement paragraph in the policy proper was still in effect.  Here, that paragraph is a nullity because it has been supplanted by the paragraph in the SIR endorsement.  The only fair reading of the SIR endorsement is that AHAC had the right but not the duty to defend any insured against a covered claim.  Consequently, defendants' motion for partial summary judgment will be granted.

## B. Duty to Indemnify

Sherwood is entitled to indemnity only if it settled in reasonable anticipation of

incurring liability for a claim covered by defendants' policies. Fed. Ins. Co. v. Binney & Smith, Inc., 913 N.E.2d 43, 48 (Ill. App. 2009). Plaintiff must prove the settlement was for a covered claim, it reasonably anticipated liability, and the amount of the settlement was reasonable. *See id.* at 49. When an insured settles a lawsuit involving both covered and non-covered claims, the insured is entitled to indemnity for the entire settlement if the primary focus of the underlying litigation was for a covered claim. Santa's Best Craft, LLC v. St. Paul Fire & Marine Ins. Co., 611 F.3d 339, 352 (7th Cir. 2010); Commonwealth Edison Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 752 N.E.2d 555, 565 (Ill. App. 2001). At the summary judgment stage, the court looks to the pleadings and record of the underlying litigation to determine whether its primary focus was a covered claim. *E.g.* Edison, 752 N.E.2d at 565; *see also* Santa's Best, 611 F.3d at 350 (noting Illinois courts relied on the record of underlying litigation when determining its primary focus). The decision to settle must be evaluated from Sherwood's perspective at the time of settlement. *See* Binney, 913 N.E.2d at 48-49 (citations omitted).

The question in the present case is whether Sherwood qualified as an additional insured under defendants' policies in the first instance. Defendants do not argue the amount of Sherwood's settlement was unreasonable, or that Sherwood did not reasonably anticipate liability. The dispute is whether that anticipated liability arose out of the operations of NES such that Sherwood qualified as an additional insured under the policies.

The court concludes plaintiff has established as a matter of undisputed fact that the primary focus of the underlying litigation was a covered claim—that the primary focus was

directed to liability arising out of NES's operations.  This is not to say that the undisputed

facts show NES's operations to be the *only* source of potential liability.  There are other

potential theories of liability suggested now by NES, with some support in the record, that

could conceivably have been a basis for Sherwood's liability and *not* arising out of NES's

operations.[6]  However, as noted above, the question is whether the undisputed facts show the

*primary focus* of the underlying litigation to have involved a covered claim.  As the

deposition testimony of AHAC's representative made clear in the characterizing the positions

of the parties at the prior mediation, the potential liability of NES was the focus:

> Q But anyway, it seemed like to you that everybody at the mediation was
> trying to blame NES and say it was NES fault.
>
> A Yes.

[Doc. #87-1, Kahn deposition, p.198].  Ms. Kahn further testified:

> Q And it's – you saw right then that NES was who they thought was primarily
> responsible, right?  That's who they were –
>
> A That's what they alleged.

*Id.* at 199.

In short, the evidence is clear that the liability being asserted at the earlier settlement

principally arose out of the operations of NES.  It does not detract from this conclusion in the

slightest for NES to argue that it thinks (now or then) that it really was not liable, or that

Sherwood's general counsel thought neither of them was liable.  Obviously, both parties

---

[6]*For example, NES argues the design of the "master control plan" for the project could have been a basis for claim separate and apart from NES's operations.*

11

thought the true culpable party was the driver of the truck which caused the crash, not either of them.  But both also recognized that a jury determination of even slight negligence by a party other than the truck driver might trigger, under Oklahoma law as it then existed, that party's joint and several liability for the whole loss.  That potentially huge exposure was the risk the parties sought to limit by the settlement for which Sherwood seeks indemnification. And for the reasons indicated, the court concludes the undisputed facts show the principal focus of the underlying plaintiff's claims, insofar as they involved the potential liability of Sherwood, arose out of NES's operations.

Plaintiff's motion for partial summary judgment does not seek a determination as to the amount of indemnity it is entitled to from defendants AHAC and AISLIC.  Instead, plaintiff seeks only a determination that it is entitled to indemnity from the defendants and that AHAC's policy as it applied to plaintiff was "primary" over plaintiff's policy with Liberty Mutual.  As to the latter, an endorsement in AHAC's policy explicitly provides that it is primary and "and any other insurance issued to [Sherwood] shall apply as excess and noncontributory insurance."  [Doc. #87-2, p.55].  The $3 million settlement, however, exceeded AHAC's $500,000 policy limit. The parties have not briefed the relationship between defendant AISLIC's policy and plaintiff's policies with Liberty Mutual and Great American as it pertains to this issue, and the court need not decide who should pay what amount of the settlement in order to dispose of the present motion.  Sherwood is entitled to indemnity from the defendants, and defendant AHAC's policy was primary over Liberty Mutual's policy.

### III.  Conclusion

The plain language of the SIR endorsement states that defendant AHAC had the right but not the duty to defend any insured; thus, defendants' motion for partial summary judgment [Doc. #43] is **GRANTED**.  Additionally, the undisputed facts demonstrate that the primary focus of the claims against Sherwood in the underlying litigation arose out of NES's operations.  Accordingly, plaintiff's motion for partial summary judgment [Doc. #87] is **GRANTED**.  In light of this disposition, defendants' motion to compel discovery [Doc. #85] is moot and is therefore **DENIED**.

**IT IS SO ORDERED**.

Dated this 1st day of December, 2011.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE